**1511-CC01064**

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
STATE OF MISSOURI

| | |
|---|---|
| BONNIE A. ROEDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF ST. PETERS, ) | |
| ) | Case No.: |
| Serve:  St. Peters City Hall ) | |
| 1020 Grand Teton ) | |
| St. Peters, MO  63376 ) | |
| ) | |
| COURT ADMINISTRATOR GREG M. WHITE,) | |
| *in his individual capacity only*, ) | |
| ) | Division: |
| Serve:  St. Peters City Hall ) | |
| 1020 Grand Teton ) | **PLAINTIFF DEMANDS** |
| St. Peters, MO  63376 ) | |
| ) | **JURY TRIAL** |
| Defendants. ) | |

**INTRODUCTION - NOT PART OF PETITION**

The City of St. Peters sent Bonnie Roeder a Notice of Violation for a camera ticket violation and demanded $110.00. Roeder did not respond. The City sent Roeder Notices to Appear. Roeder did not appear. Pursuant to City policy Court Administrator White applied to for a warrant for Roeder's arrest for Failure to Appear. The municipal judge issued the warrant. At that time Failure to Appear was not an offense under the City's Ordinances. Roeder was arrested on the warrant and jailed. Under the civil rights laws Roeder sues for false arrest and related claims, and for attorney's fees.

# PETITION FOR DAMAGES – CIVIL RIGHTS
# FALSE ARREST

Comes now Bonnie A. Roeder, by counsel W. Bevis Schock and Hugh A. Eastwood, and states for her Petition for Damages, civil rights and state law claims, against the City of St. Peters and Court Administrator Greg M. White:

## PARTIES

1. Plaintiff Bonnie A. Roeder is an individual residing in the County of St. Charles, Missouri.

2. The City of St. Peters ("the City") is a properly formed municipality located within County of St. Charles, Missouri.

3. Court Administrator Greg M. White is an individual working at all relevant times as the Court Administrator for the City.

4. Plaintiff sues Court Administrator White in his individual capacity only.

## SUBJECT MATTER JURISDICTION

5. Plaintiffs bring this action pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

6. State courts have concurrent jurisdiction with the federal courts over 42 U.S.C. 1983 actions.[1]

## VENUE

7. All relevant events occurred in the County of St. Charles, Missouri.

## COLOR OF STATE LAW

8. At all relevant times all Defendants and all described city officials, police officers and their supervisors, and all city employees acting with them, were acting under color of state law.

---

[1] *Felder v. Casey*, 487 U.S. 131, 139 (1988).

Particularly, at all relevant times all those persons were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## JURY DEMAND

9. Plaintiffs demand a jury trial on their claims for damages.

## FACTS

### St. Peters' Red Light Camera Ticket Program

10. Pursuant to Ordinance 4536, among others, the City instituted a red light camera ticket program.

11. Pursuant those Ordinances, and by deliberately chosen policy, the City's red light camera ticket program operated as follows:

    a. A third party vendor put up cameras at various intersections in the City.

    b. The cameras recorded cars going through intersections.

    c. Employees of the third party vendor watched videos of cars going through intersections.

    d. If an Employee of the third party vendor witnessed a violation the Employee would send notification of that fact to the City with various reference information about the owner of the car, and a video clip of the alleged violation.

    e. A City Police Officer would view the video and use independent judgement to determine whether in the Officer's opinion the subject had violated the red light.

    f. If the Officer concluded there was a violation, the Officer would make a determination based on the auto ownership record and the official state driver's

3

      license photo to determine whether in the Officer's opinion the driver was the owner.

g. Violations by cars owned by trusts, corporations, and on information and belief the government would be set aside.

h. If the officer believed both that he had a good identification of the driver and that the driver had run the red light the officer would sign a Notice of Violation directed to that subject.

i. The City would send to that subject the Notice of Violation including a demand for a fine of $110.00.

j. If the subject paid the $110.00 no points would be assessed, the City's treasury would receive the money, and that would be the end of it.

k. If the subject did not respond the City would send the subject a Notice which stated that the subject was to appear in Municipal Court at a specific date and time.

l. If the subject did not appear at that date and time the City would send a second notice stating that if the subject did not appear this time the City would issue a warrant for the subject's arrest for Failure to Appear.

m. If the subject still did not appear the City Administrator would prepare an application for a warrant for "Failure to Appear".

n. The Municipal Judge would independently and not pursuant to the City's policy determine whether to issue the warrant for Failure to Appear.

o. If the Municipal Judge decided to issue the warrant then he would sign the warrant and the warrant would issue.

  p. Pursuant to this "two step" approach the subject would be subject to arrest on the warrant for Failure to Appear but not for any warrant for the red light camera ticket.

  q. City would then aggressively prosecute the subject both for Failure to Appear and for the underlying red light camera ticket.

### Roeder Runs a Light - Notice of Violation

12. On June 7, 2012 at 6:53 a.m. Roeder ran a red light.

13. The City's cameras caught the violation.

14. A City police officer reviewed the information and issued a Notice of Violation to Roeder along with a demand for the $110.00 fine.

### Roeder Does Not Respond to Notices to Appear on Red Light Camera Ticket Charge

15. Roeder did not respond to the original Notice of Violation for violating the red light.

16. On information and belief the City sent Roeder a notification to appear on July 31, 2015 in the City's Municipal Court on that red light camera ticket.

17. Roeder did not appear on July 31, 2015.

18. On August 2, 2012 the "City of St. Peters Municipal Court" sent Roeder an untitled document stating that she had to appear in the City's Municipal Court on Tuesday September 11, 2012.

19. The document referenced:

  Case No. Offense

  STP021020 Red Light Camera

20. The document stated:

Due to your failure to appear as scheduled on Tuesday July 31, 2012 the Court has reset your case on the St. Peters Municipal Division Court Docket for

**TUESDAY SEPTEMBER 11, 2012 AT 6:30 PM**

(Emphasis in original).

21. The document also stated:

If you fail to appear in this Court on September 11, 2012 a WARRANT for your arrest on the additional charge of Failure to Appear will be issued.

(Emphasis in original).

22. Roeder did not appear.

**Court Administrator White Swears Out Complaint – Municipal Judge Issues the Warrant**

23. Thereafter Court Administrator White swore out a "Complaint, Affidavit and Information" stating:

Comes now Greg M. White, Court Administrator

1020 Grand Teton, St. Peters, MO  63376

And being duly sworn, on oath, complains that on or about September 18 (sic), 2012, at or near St. Peters City Hall located within the corporate limits of the City of St. Peters, Missouri, the above named Defendant [Roeder] did then and there unlawfully FAIL TO APPEAR in the St. Peters Municipal Division of the 11th Judicial Circuit Court of St. Charles County in response to a notice of summons number(s)

STP021020     Red Light Camera

in violation of Ordinance # 442 of the City of St. Peters, Missouri.

24. The lower portion of the document had a place for the signature of the Prosecuting Attorney.

25. Rule 37.35(a)(4) requires that an Information "Cite the chapter and section of the ordinance alleged to have been violated and the chapter and section providing the penalty or punishment."

26. The "Complaint, Affidavit and Information" did not:

    a. Cite the chapter and section of the Ordinance alleged to have been violated, or

    b. Cite the chapter and section [of the Ordinance] providing the penalty or punishment.

27. On October 18, 2012 the City Municipal Judge signed and thereby issued warrant No. 20121561 for the arrest of Bonnie A. Roeder.

28. Bond was set at $210.00.

### No Failure to Appear Ordinance – Warrant Wholly Invalid

29. At that time the City did not have an Ordinance making Failure to Appear an offense.

30. Ordinance 442, in effect at that time, duly enacted on October 26, 1978 contains no section or subsection making Failure to Appear an offense.

31. The city only enacted an Ordinance making Failure to Appear an offense on November 7, 2013, Ordinance No. 6013.

32. The warrant was wholly invalid.

### City Policy to Pursue Warrants Only for Failure to Appear - Rationale

33. The City had a policy of processing and seeking Failure to Appear warrants when subjects did not come to court in response to a Notice of Hearing on a red light camera ticket.

7

34. At the time of these events many municipalities had red light camera ticket programs and many citizens felt that prosecutions for such tickets were unlawful and so they simply ignored the tickets.

35. Nevertheless no other municipalities or in the alternative almost no other municipalities were issuing warrants for red light camera tickets or for Failure to Appear in court on red light camera tickets.

36. All other municipalities or in the alternative almost all other municipalities sent collection letters but otherwise did nothing to pursue subjects who did not pay their red light camera tickets.

37. On inference in red light camera ticket cases the City deliberately chose the path of not issuing warrants on the underlying charge of red light violation because the City was well aware that such a warrant faced the risks of being:

   a. Issued for the wrong person due to misidentification,

   b. Unconstitutional for violation of equal protection,

   c. Unconstitutional due to the subject's right to heightened due process when being subject to an arrest as opposed to merely being subject to a fine,

   d. Being in violation of state law for no assessment of points even though the relevant state statute, RSMo. 302.302.1(1), requires the assessment of points for moving violations, and/or

   e. Unlawful for other reasons.

38. On inference in red light camera ticket cases the City deliberately chose the alternate path of pursuing warrants for Failure to Appear, because:

a. In most municipalities in the metropolitan St. Louis area when a person fails to come to court in response to a summons the court charges Failure to Appear and issues a warrant – although the warrant is generally for failing to appear on the underlying charge, not for failing to appear as a crime unto itself.

b. The City wished to aggressively pursue revenue from its red light camera ticket program by causing citizens to fear arrest all the while skirting any concerns about the legality of the red light camera ticket program itself, and

c. The City wished to use the publicity surrounding the arrests of individuals to intimidate Roeder and other citizens into paying their red light camera tickets instead of ignoring them, and wished to make it clear that even though others ignored those who did not pay, the City of St. Peters would have those who did not pay arrested – even though the arrest was not for the underlying crime.

### Arrest of Roeder - Bond

39. November 5, 2012 Roeder was driving on I-64 in the City of Creve Coeur in St. Louis County, Missouri.

40. A Creve Coeur Officer pulled over Roeder.

41. That Officer arrested Roeder on the warrant.

42. That Officer had no knowledge that the warrant was invalid and had no way to know.

43. Roeder was held in handcuffs on the side of the highway.

44. That Officer took Roeder to the Creve Coeur jail.

45. Roeder was in custody for approximately three hours.

46. Roeder put up the $210.00 bond.

47. Roeder was released.

### Prosecution of Roeder

48. The City prosecuted Roeder on the red light camera ticket and on the charge of Failure to Appear, Case No. 1311-MU00010.

49. The case came on for jury trial on September 4, 2013.

50. At the close of the evidence upon inquiry from the Trial Judge the City's attorney acknowledged that the City had no Ordinance making Failure to Appear an offense.

51. When the Trial Judge learned that there was no City of St. Peters Ordinance making Failure to Appear an offense, the Trial Judge formally acquitted Roeder of that charge.

52. On information and belief the City continued the prosecution through that moment even though its officials were aware or constructively aware that the City had no Ordinance making Failure to Appear an offense.

53. On inference, the City initiated and continued the prosecution in order to:

    a. Preserve its revenue stream from its red light camera ticket program by intimidating the citizens and appearing tough, or, in the alternative,

    b. Hide its error in initiating the prosecution.

### DAMAGES

54. Plaintiff suffered:

    a. Terror, stress, fear, and anxiety both during her arrest and during her prosecution for Failure to Appear.

    b. Garden variety emotional distress,

    c. Humiliation and embarrassment,

    d. Disgrace and loss of personal reputation in the community and particularly with her family due to having been arrested,

10

      e.     Loss of trust in law enforcement generally and the City of St. Peters Police Department particularly,

      f.     Loss of physical liberty for three hours,

      g.     Loss of liberty to be free from facing a wrongful criminal charge, and

      h.     An arrest record which could affect security clearance for the TSA Pre program, employment, etc., (although under law that record is likely expungable at considerable legal expense).

      i.     Pain and suffering.

## PROXIMATE CAUSE

55. Roeder's arrest and prosecution, as well as all her damages, were the natural and proximate results of Court Administrator White applying for the warrant, and the City initiating and continuing the prosecution.

## JOINT AND SEVERAL LIABILITY

56. The Defendants are jointly and severally liable for Plaintiff's damages.

## RECKLESS DISREGARD - PUNITIVE DAMAGES

57. The action of Defendants Court Administrator White in writing "in violation of Ordinance 442 of the City of St. Peters, Missouri" on the "Complaint, Affidavit and Information" was in violation of Rule 37.35(a)(4) requiring an Information to "Cite the chapter and section of the ordinance alleged to have been violated and the chapter and section providing the penalty or punishment".

58. The failure to follow the requirement to cite the chapter and section inexorably led to the error, because if Court Administrator White had followed the rule or attempted to follow

11

the rule he would have known that Ordinance 442 did not contain a chapter and section making Failure to Appear an offense.

59. The action of Defendants Court Administrator White in applying for the warrant without the conduct of Failure to Appear being an offense:

    a. Was reckless,

    b. Undertaken with callous and reckless disregard and indifference toward the rights of Plaintiff, and

    c. Taken in the face of a perceived risk that it would violate federal law.

60. Plaintiff is entitled to awards of punitive damages against Court Administrator White in his individual capacity, in order to punish him and to deter others.

## ATTORNEY'S FEES AND COSTS - 42 U.S.C. 1988

61. Plaintiffs' substantive claims for all Counts are brought under the Civil Rights Act, 42 U.S.C. 1983.

62. In pursuit of her federal civil rights claims, Plaintiff is incurring reasonable attorney's fees and costs.[2]

63. Plaintiff seeks her reasonable attorney's fees and costs under 42 U.S.C. 1988 for the pursuit of those claims.

## COUNT I
## FALSE ARREST
## FOURTH AMENDMENT
## AGAINST COURT ADMINISTRATOR WHITE

64. Plaintiff incorporates by reference all prior paragraphs.

65. When Court Administrator White signed the "Complaint, Affidavit and Information" and thereby applied for the warrant for Roeder's arrest for the offense of Failure to Appear in

---

[2] 42 U.S.C. 1988; *Lefemine v. Wideman*, 133 S. Ct. 9, 10 (2012).

12

the City's Municipal Court he had no lawful authority to apply for that warrant because the City had no Ordinance making Failure to Appear an offense.

66. When he signed the "Complaint, Affidavit and Information" Court Administrator White was not acting as a clerk of the court and so has no derivative judicial immunity.

67. Court Administrator White is charged with knowing the law, particularly including the reasonably modest body of law in the very Municipality where he worked.[3]

68. No reasonable court administrator would proceed with an arrest warrant for Failure to Appear without confirming that Failure to Appear was an offense in the jurisdiction.

69. No Court Administrator could have an objectively reasonable belief that it was lawful to issue a warrant for conduct which was not an offense.[4]

70. The actions of Court Administrator White in applying for the warrant, which led to her arrest, violated Roeder's Fourth Amendment right to be free of unlawful arrest.

### Punitive Damages

71. The action of Court Administrator White in applying for the warrant was undertaken in reckless disregard for Plaintiff's constitutional rights.

### Prayer

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1988 against Court Administrator Greg M. White, in his individual capacity, for false arrest, for compensatory

---

[3] *Messerschmidt v. Millender,* 132 S.Ct. 1235 (2012), declining to overrule the reasonably well-trained officer standard set forth in *Malley v. Briggs,* 475 U.S. 335, 341 (1986); *see also Saterdalen v. Spencer,* 725 F.3d 838, 841; *Small v. McCrystal,* 708 F.3d 997, 1006 (8th Cir. 2013)

[4] *Anderson v. Creighton,* 483 U.S. 635, 639 (1987) and see *Heien v. N. Carolina,* 135 S. Ct. 530, 539-541 (2014) for general discussion of need for confusion and Kagan concurrence explicitly requiring ambiguity in the law to excuse mistake of law.

damages and for punitive damages, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT II
## FALSE ARREST
## FOURTH AMENDMENT - *MONELL* LIABILITY
## AGAINST CITY OF ST. PETERS

72. Plaintiff incorporates by reference all prior paragraphs.

73. It was the City's deliberately chosen policy for its court administrator to apply for warrants for Failure to Appear for persons who did not appear after having been sent a Notice of Hearing on a red light camera ticket.

74. It was the City's deliberately chosen policy not to seek warrants on the underlying charge of red light camera ticket violation.

75. In general the charge of Failure to Appear has been an established and lawful charge for a person who fails to come to court in response to a Notice of Hearing regardless of the underlying charge.

76. On inference it was the City's deliberately chosen policy not to seek warrants on the underlying charge of red light camera ticket violation because the City had doubts about the legality of the red light camera ticket program, and the City wanted the reputation for being very tough on non-paying subjects even while other municipalities had the reputation of not pursuing non-paying subjects all the while skirting any concerns about the legality of the red light camera ticket program itself, all to increase revenue.

77. The City's deliberately chosen policy directly caused the Plaintiff's unlawful arrest and unlawful seizure of her property.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1988 against the City of St. Peters for false arrest under *Monell* for compensatory damages, for reasonable

attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT III
## DEPRIVATION OF PROCEDURAL DUE PROCESS
## FOURTEENTH AMENDMENT
## AGAINST COURT ADMINISTRATOR WHITE AND CITY OF ST. PETERS

78. Plaintiff incorporates by reference all prior paragraphs.

79. Plaintiff has a liberty interest protected by the due process clause of the Fourteenth Amendment.

80. That liberty interest includes the right to be free of facing a state deprivation such as an unlawful criminal charge.[5]

81. The prosecution of Plaintiff by the City for Failure to Appear denied her that liberty interest without due process of law.[6]

82. The prosecution of Plaintiff for Failure to Appear was not a random event and the City provided no post-deprivation remedy.[7]

**Punitive Damages**

83. The action of Court Administrator White in initiating the prosecution against Plaintiff for Failure to Appear was undertaken in reckless disregard for Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1988 against Court Administrator White and the City of St. Peters for deprivation of procedural due process,

---

[5] *Luckes v. Cty. of Hennepin, Minn.*, 415 F.3d 936, 939 (8th Cir. 2005), citing *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir.2004).
[6] See *Coggin v. Longview Independent School Dist.*, 337 F.3d. 459, 466 (5th Cir. 2003), government entity itself responsible for denial of procedural due process pursuant to "responsible state actor analysis".
[7] *Zinermon v. Burch*, 494 U.S. 113, 115 (1990)

15

for compensatory damages against each of them, for punitive damages against Court Administrator White, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT IV
## DEPRIVATION OF SUBSTANTIVE DUE PROCESS
## FOURTEENTH AMENDMENT
## AGAINST COURT ADMINISTRATOR WHITE AND CITY OF ST. PETERS

84. Plaintiff incorporates by reference all prior paragraphs.

85. Plaintiff has a liberty interest protected by the due process clause of the Fourteenth Amendment.

86. That liberty interest includes the right to be free of arbitrary government action such as being subject to the start of and continuation of a criminal charge for conduct which was not an offense.[8]

87. The prosecution of Plaintiff by the City for Failure to Appear denied her that liberty interest in substantive due process.

88. The conduct of Court Administrator White and the City shock the conscience.

**Punitive Damages**

89. The action of Court Administrator White in initiating the prosecution against Plaintiff for Failure to Appear was undertaken in reckless disregard for Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1988 against Court Administrator White and the City of St. Peters for deprivation of substantive due process, for compensatory damages against each of them, for punitive damages against Court

---

[8] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

Administrator White, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT V
## MALICIOUS PROSECUTION
## STATE LAW
## AGAINST COURT ADMINISTRATOR WHITE AND CITY

90. Plaintiff incorporates by reference all prior paragraphs.

91. Court Administrator White and the City commenced, instigated and continued the charge against Plaintiff for Failure to Appear in what became City of St. Peters v. Roeder, Case No. 1311-MU00010.

92. The City continued the prosecution through conclusion of the evidence.

93. Plaintiff was then acquitted of that charge.

94. There was no probable cause to initiate the suit or continue the suit because Failure to Appear was not then an offense under the Ordinances of the City.

95. In the alternative if the Court Administrator White and/or the City was unaware of its own Ordinances at the beginning of the suit and so was unaware that Failure to Appear was not an offense in the City, the City did become aware of that fact and nevertheless the City continued the prosecution after it became aware of that fact.

96. In bringing the charge and continuing the charge Court Administrator White and/or the City acted maliciously and without reasonable grounds because they took those actions:

   a. In order to make an example of Plaintiff for others in the same position who would fail to respond to a red light camera ticket Notice of Violation,

   b. Because the City wanted the reputation for being very tough on non-paying subjects even while other municipalities had the reputation of not pursuing non-paying subjects all the while using the "two-step" to have the warrant be for

17

>   Failure to Appear instead of for failing to come to court on the red light camera ticket, thereby skirting any concerns about the legality of the red light camera ticket program itself, and/or
>
>   c.   As it continued the case the City wished to hide its error in bringing a prosecution for a charge which had no basis in law.

97. The City pursued the prosecution intentionally and with an evil motive, and/or with reckless indifference to the rights of others, and/or primarily for a purpose other than bringing Plaintiff to justice – particularly using the "two step" to get Plaintiff arrested so she would pay the $110.00 and intimidate her and other citizens into paying their red light camera tickets.

98. Plaintiff was damaged.[9]

### Punitive Damages

99. The action of Court Administrator White in initiating the prosecution against Plaintiff for Failure to Appear was undertaken in reckless disregard for Plaintiff's constitutional rights.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1988 against Court Administrator White and the City of St. Peters for malicious prosecution, for compensatory damages against each of them, for punitive damages against Court Administrator White, for costs, and for such other relief as the court finds to be just, meet and reasonable.

---

[9] *Sanders v. Daniel International*, 682 S.W.2d 803 (Mo. 1984) MAI 23.07 and 16.01(2)).

Respectfully submitted,

Co-Counsel for Plaintiffs

  /s/ W. Bevis Schock  .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:   314-721-1698
Voice: 314-726-2322

  /s/ Hugh A. Eastwood  .
Hugh A. Eastwood, 62058MO
7911 Forsyth Blvd., Ste. 300
St. Louis, Missouri 63105-3860
heastwood@eastwoodlawstl.com
Fax     (314) 863 5335
Voice   (314) 809 2343

Electronically Filed - St Charles Circuit Div - December 04, 2015 - 09:06 AM