UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BONNIE A. ROEDER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 4:16 CV 16 RWS |
| CITY OF ST. PETERS, et al., | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Bonnie Roeder filed this lawsuit in state court against Defendants—the City of St. Peters, Missouri (the City), and Greg White, the court administrator for St. Peters—for false arrest, deprivation of due process, and malicious prosecution. Roeder's claims stem from her arrest and prosecution for failing to appear in municipal court on a traffic violation. Defendants removed the case based on federal question jurisdiction and moved to dismiss Roeder's claims. I will dismiss Roeder's federal claims and remand her state law claim to state court.

## **Legal Standard**

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Background

The City had a red light camera ticket program established by City Ordinance 4536. According to Roeder's complaint, the program worked as follows. A third party vendor installed red light cameras to record traffic at intersections in the City. Employees of the third party vendor reviewed the videos and, if they saw a potential violation, sent the City information about the owner of the car and a video clip of the alleged violation. A City police officer would view the video and independently determine whether a red light violation occurred.

If the officer concluded there was a violation, the officer would determine whether the driver of the vehicle was the owner of the vehicle based on the auto ownership record and the driver's license photo of the owner. If the officer believed the owner was the driver, the officer would sign a Notice of Violation directed to the owner. The City would then send the owner a Notice of Violation of running a red light and demand a fine of $110.00. No points were assessed against the owner's driver license for these violations.

If the owner did not pay the fine, the City sent a notice directing the owner to appear in municipal court at a specific date and time. If the owner failed to

2

appear, the City sent the owner a second notice with a new court date. The second notice stated that if the owner failed to appear in court, the City would issue a warrant for the owner's arrest for Failure to Appear. If the owner failed to appear at the second court setting, the city administrator would prepare an application for an arrest warrant for Failure to Appear. The municipal judge would independently determine whether to issue the arrest warrant for Failure to Appear. If the judge decided to issue the warrant, the judge would sign it and the warrant would issue.

On June 7, 2012, Roeder ran a red light in St. Peters. A red light camera recorded the violation. The City sent Roeder a Notice of Violation and demand for the $110.00 fine. Roeder did not respond or pay the fine. The City then sent Roeder its first notice to appear in court for the red light violation. Roeder did not appear in court. The City sent Roeder its second notice, which informed Roeder that a warrant for her arrest "on the additional charge of Failure to Appear" would issue if she failed to appear in court on September 11, 2012. Roeder failed to appear at the second court date. The court administrator, Defendant White, then swore out a "Complaint, Affidavit and Information" stating:

> Comes now Greg M. White, Court Administrator
> 1020 Grand Teton, St. Peters, MO 63376
> And being duly sworn, on oath, complains that on or about September 18 (sic), 2012, at or near St. Peters City Hall located within the corporate limits of the City of St. Peters, Missouri, the above named Defendant [Roeder] did then and there unlawfully FAIL TO APPEAR in the St. Peters Municipal Division of the 11th Judicial Circuit Court of St. Charles County in response to a notice of summons number(s)

3

STP021020 Red Light Camera
in violation of Ordinance #442 of the City of St. Peters, Missouri.

At that time, the City did not have an ordinance making failure to appear an offense. Ordinance 442 contained no section or subsection making failure to appear an offense. In October 2012, the city municipal judge signed and issued the warrant for Roeder's arrest. Roeder was arrested on the warrant a few weeks later while driving in Creve Coeur, Missouri. She was held in custody for about three hours and released after posting a $210.00 bond.

The City prosecuted Roeder on the red light camera ticket and on a separate charge of "failure to appear." A jury trial was held on September 4 and 5, 2013. At the close of the evidence, the trial judge acquitted Roeder of the failure to appear charge after the City's attorney acknowledged the City did not have an ordinance making failure to appear an offense. The jury found Roeder guilty of the red light violation, and a $110.00 fine was assessed.[1] The trial judge dismissed the red light camera charge on Roeder's post-trial motion. The City appealed that dismissal to the Missouri Supreme Court. The Court severed the provision of the City's red light camera ordinance which prohibited the assessment of points

---

[1] Additional undisputed facts regarding the subsequent disposition of the red light charge are taken from the parties' briefs and confirmed by public records, including the trial court's judgment and the Missouri Supreme Court's decision in the City's appeal of the dismissal of the red light camera charge, City of St. Peters v. Roeder, 466 S.W.3d 538 (Mo. banc 2015). I take judicial notice of these decisions and of the St. Peters City Code of Ordinances and the Missouri Supreme Court Rules as matters of public record and materials necessarily embraced by the pleadings. Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015). Plaintiff does not object to the inclusion of these additional facts in ruling on the City's motion to dismiss.

against a violator's driver's license because it conflicted with state law. City of St. Peters v. Roeder, 466 S.W.3d 538, 547–549 (Mo. banc 2015). The Court upheld the remaining provisions of the ordinance as a valid and enforceable law. Id.

Roeder alleges the City had a policy of seeking warrants on a failure to appear charge, rather than on failure to appear for the underlying traffic charge, because it wished to aggressively pursue revenue from the red light camera ticket program while avoiding any concerns about the program's legality. Roeder alleges Defendants violated her rights by arresting and prosecuting her for the charge of "failure to appear" because at the time of her arrest and prosecution, failure to appear was not a chargeable offense under the City's ordinances. She brings constitutional claims under 42 U.S.C. § 1983 and a state law claim against White in his individual capacity and against the City: Counts I (against White) and II (against the City) for false arrest, in violation of her Fourth Amendment rights; Counts III and IV for deprivation of her procedural and substantive due process rights, in violation of the Fourteenth Amendment; and Count V for malicious prosecution, a Missouri state law claim.

## Analysis

In Count I, Roeder alleges that White violated her Fourth Amendment right to be free from unlawful arrest by applying for an arrest warrant on a failure to appear charge, rather than for failure to appear on the underlying red light camera

5

charge. In Count II, Roeder brings a Fourth Amendment false arrest claim against the City, alleging the City had a deliberate policy of having its court administrator apply for arrest warrants for the charge of failure to appear rather than for failure to appear on the underlying red light charge, and this policy caused her to be falsely arrested. "The Fourth Amendment requires that arrest warrants be based 'upon probable cause, supported by Oath or affirmation . . . .'" Kalina v. Fletcher, 522 U.S. 118, 129 (1997). "The warrant traditionally has represented an independent assurance that a search and arrest will not proceed without probable cause to believe that a crime has been committed and that the person or place named in the warrant is involved in the crime." Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972). White and the City argue Counts I and II should be dismissed because the arrest warrant was authorized by law and supported by probable cause.[2] White also argues he is entitled to qualified immunity on Count I because even if he made a mistake in interpreting the law, the mistake was objectively reasonable.

---

[2] Defendants' primary argument for dismissal is that Roeder's claims fail because the law at the time of her arrest and prosecution made failure to appear a chargeable offense. Defendants argue that Missouri Supreme Court Rule 37.44, which applies to municipal courts and authorizes them to issue an arrest warrant if a defendant "fails to appear in response to a summons and upon a finding of probable cause that an ordinance violation has been committed," creates the offense of "failure to appear," which can then be penalized by the City's general penalty provision for violations of its Code or rules. See St. Peters, Mo., Code § 100.060.A. Whether this construction is correct or not, it does not follow from a plain reading of these materials, and Defendants provide no authority that supports their argument. As a result, this argument does not serve as a basis for my dismissal of Roeder's claims.

Roeder's allegations make a narrow claim about the unconstitutionality of her arrest. Roeder alleges she ran a red light, was detected on camera, and failed to appear in court in response to notices of the violation, which included orders that she appear in court and a warning that she would be arrested if she failed to appear. The "Complaint, Information and Affidavit" White swore out stated Roeder failed to appear in response to a notice of summons on the red light camera violation. A city municipal judge signed and issued the warrant. Roeder does not challenge the probable cause determination regarding her traffic violation or failure to appear in court. She alleges that most municipalities in the St. Louis metropolitan area issue arrest warrants when people fail to come to court in response to summons and that "[i]n general the charge of Failure to Appear has been an established and lawful charge for a person who fails to come to court in response to a Notice of Hearing regardless of the underlying charge." The apparent difference, by her allegations, is that those warrants are generally for failing to appear on the underlying charge, not for failing to appear as a crime unto itself.

Given these allegations, the only clear issue that emerges from Roeder's allegations regarding her *arrest* (as opposed to her prosecution) is that the warrant cited the wrong ordinance number. Roeder alleges White failed to comply with state rules requiring that an information cite the ordinance alleged to have been violated when he stated she failed to appear in response to a notice of summons on

the red light violation and cited "Ordinance 442," which neither referred to the red light camera ordinance nor contained any section making failure to appear an offense. This error, she alleges, made the warrant "wholly invalid" and resulted in her arrest without probable cause because there could not have been probable cause to believe she committed the ordinance violation of failure to appear when no ordinance made failure to appear a violation.

Roeder's limited allegations about the unconstitutionality of her arrest fail to state a Fourth Amendment claim. While the information White swore out may not have complied precisely with state rules, Roeder's allegation that the warrant cited the wrong ordinance number fails to make an otherwise reasonable arrest, supported by probable cause, into a federal constitutional violation. See Johnson v. Phillips, 664 F.3d 232, 238 (8th Cir. 2011) (explaining that the fact that defendant lacked authority under state law to make an arrest does not establish that his conduct violated the Fourth Amendment, as the Supreme Court has "held that the protections of the Fourth Amendment do not turn on the applicability of state law"); Wilkes v. Young, 28 F.3d 1362, 1364–66 & n. 1 (4th Cir. 1994) (finding no Fourth Amendment violation where affidavit cited wrong provision and included a purported misrepresentation that did not affect probable cause finding).³ As a result, Roeder has failed to state a false arrest claim in Counts I and II.

---

³ Cf. People v. Richardson, 43 Cal.4th 959, 988–90 (Cal. 2008) (declining to invalidate an arrest

Even if Roeder had stated a claim for violation of her Fourth Amendment rights, I would still dismiss Count I on the basis of qualified immunity. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). "The question of qualified immunity thus generally turns on the objective legal reasonableness of the [official's] action, assessed in light of the legal rules that were clearly established at the time it was taken." Saterdalen v. Spencer, 725 F.3d 838, 841 (8th Cir. 2013) (quotation marks omitted). "[A] civil rights suit against an officer who applied for a warrant may be maintained if 'on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue[.]'" Id. (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

On these facts, it is not obvious that no reasonably competent official in White's position would have concluded that a warrant should issue. Again, Roeder alleges she ran a red light, was detected on camera, and failed to appear in response to notices of the violation, which included orders that she appear in court and a warning that she would be arrested if she failed to appear. The "Complaint,

---

on the basis that the affidavit listed the wrong subdivision of the section the defendant allegedly violated); State v. Torgeson, 345 Mont. 415, 420 (Mont. 2008) (finding that the fact that the warrant listed the wrong offense did not affect the defendant's substantial rights or invalidate the warrant).

Information and Affidavit" White swore out stated Roeder failed to appear in response to a notice of summons on the red light camera violation. The information cited Ordinance 442, which states, in part, that the municipal courts are subject to the rules of the Missouri Supreme Court. Roeder agrees that the Missouri Supreme Court Rules authorize municipal courts to issue arrest warrants if a defendant fails to appear in response to a summons and upon a finding of probable cause that an ordinance violation has been committed. See Mo. S. Ct. R. 37.44. Based on Roeder's allegations, an objectively reasonable official in White's position could have believed he had authority and probable cause to apply for a warrant for Roeder's arrest for her failure to appear, even if that belief was mistaken. As a result, Count I must also be dismissed because White is entitled to qualified immunity.

In Count III, Roeder alleges deprivation of her procedural due process rights, stating she has a liberty interest in being free from "facing a state deprivation such as an unlawful criminal charge" and that "[t]he prosecution of Plaintiff by the City for Failure to Appear denied her that liberty interest without due process of law." Even assuming this states a cognizable constitutional deprivation, Roeder does not allege any procedural defect that would support a procedural due process claim. See Zinermon v. Burch, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in

'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.").

Roeder alleges she was captured on camera running a red light, and the City sent several notices of the violation and her court dates. Roeder failed to appear in court and was arrested on a warrant independently reviewed and issued by a municipal judge. She was detained in custody for a relatively short period of time, after which she received a jury trial and was acquitted of the failure to appear charge and found guilty of the red light camera charge. Her complaint includes no allegations of process she was due but did not receive. See Gunderson v. Schlueter, 904 F.2d 407, 409–10 (8th Cir. 1990) ("the absence of a procedural defect precludes finding a procedural due process violation"); Iqbal, 556 U.S. at 678 (stating that a pleading that offers only "a formulaic recitation of the elements of a cause of action" does not suffice to survive a motion to dismiss (quotation marks omitted)). As a result, I will dismiss Count III.

In Count IV, Roeder alleges White and the City deprived her of her substantive due process rights by prosecuting her on failure to appear even though failure to appear was not an offense. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc). To state a substantive due process claim, Roeder

11

must allege that a fundamental right was violated by conduct by the defendants that shocks the conscience. Akins v. Epperly, 588 F.3d 1178, 1183 (8th Cir. 2009). Roeder alleges she has a liberty interest in being free from "arbitrary government action such as being subject to the start of and continuation of a criminal charge for conduct which was not an offense" and that "[t]he prosecution of Plaintiff by the City for Failure to Appear denied her that liberty interest in substantive due process." She also states that "[t]he conduct of Court Administrator White and the City shock the conscience." Whether alleged conduct shocks the conscience is a question of law. Akins, 588 F.3d at 1183.

A claim of malicious prosecution or prosecution without probable cause is generally not cognizable as a substantive due process claim. See Albright v. Oliver, 510 U.S. 266, 268 (1994) (plurality) (declining to recognize a substantive due process right to be free from criminal prosecution except upon probable cause where prosecution was dismissed on the ground that the charge did not state an offense under state law); Harrington v. City of Council Bluffs, 678 F.3d 676, 680 (8th Cir. 2012) ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment."). The Eighth Circuit has allowed substantive due process claims to proceed in cases where the allegations went well beyond the realm of malicious prosecution, such as allegations of a purposeful police conspiracy to manufacture false evidence and wrongfully pin serious

12

wrongdoing on an innocent person. See, e.g., White v. Smith, 696 F.3d 740, 757–58 (8th Cir. 2012); Moran v. Clarke, 359 F.3d 1058, 1060–61 (8th Cir. 2004). "Only the most severe violations of individual rights that result from the brutal and inhumane abuse of official power rise to this level." White, 696 F.3d at 757 (quotation marks omitted). Roeder's allegations that the City prosecuted her for both the red light charge and for her failure to appear even though they did not have an ordinance making failure to appear an offense, while problematic, do not rise to this level. As a result, I will dismiss Count IV.

Finally, in Count V, Roeder brings a Missouri state law claim for malicious prosecution. Defendants move to dismiss this claim on statute of limitations grounds. Resolution of this question requires a determination of whether the statute of limitations began to run when the trial court acquitted Roeder of the failure to appear charge or when the entire case concluded after the appeal of the red light camera charge dismissal. As the answer under Missouri law does not seem clear, and as I have dismissed all claims over which I have original jurisdiction, I will decline to exercise supplemental jurisdiction over this claim and remand the case to state court. See 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of St. Peters and Greg White's motion to dismiss #[12] is **GRANTED** as to Counts I, II, III, and IV.

13

**IT IS FURTHER ORDERED** that the remaining count, Count V, is **REMANDED** to the Circuit Court of the County of St. Charles, State of Missouri.

**IT IS FURTHER ORDERED** that all remaining pending motions (#[26], #[28], #[29], and #32) are **DENIED** as moot.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2016.